# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION


**TOMMY GOREE, #97214**                                                      **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 4:08-cv-146-DPJ-JCS**

**STATE OF MISSISSIPPI**                                                      **RESPONDENT**

## ORDER OF TRANSFER PURSUANT
## TO 28 U.S.C. § 1631

This matter comes before the Court, *sua sponte*, for consideration of transfer. Petitioner,

an inmate of the Mississippi Department of Corrections, currently incarcerated in the Mississippi

State Penitentiary, Parchman, Mississippi, filed this request for habeas corpus relief.

Petitioner was convicted of robbery by use of a deadly weapon in the Circuit Court of

Lauderdale County on December 22, 1997. As a result, Petitioner was sentenced to serve forty

years in the custody of the Mississippi Department of Corrections. Petitioner previously filed for

habeas relief in this Court challenging the same conviction and sentence in *Goree v. United*

*States District Court*, civil action number 4:04-cv-113-LN (S.D. Miss. May 16, 2005). On May

16, 2005, Judge Tom S. Lee entered a Final Judgment [12] which dismissed the action, with

prejudice.

In the instant case, Petitioner asserts that during his criminal trial his constitutional rights

were violated by false testimony and ineffective assistance of counsel. In addition, Petitioner

argues that the prosecution lacked sufficient evidence to convict him of robbery. Although

Petitioner styles the instant request for relief as a Rule 60(b) motion, he is challenging the

legality of his robbery conviction, therefore the Court construes his filing as a request for habeas

corpus relief under 28 U.S.C. § 2254. As explained by the United States Supreme Court in

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), a Rule 60(b) motion in a § 2254 case must be

treated as a successive habeas petition if it asserts or reasserts a substantive claim to set aside the

petitioner's state conviction. Since Petitioner is attacking the validity of his robbery conviction

and he has previously litigated a § 2254 case challenging this same conviction, the Court

concludes that the instant cause of action is a successive petition for habeas corpus relief. *See*

*Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) ("Rule 60(b) motions should be construed

as successive habeas petitions governed by the AEDPA's provisions"), *see also Ochoa Canales*

*v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007).

A Petitioner who is filing a second or successive motion for habeas relief must first apply

to the appropriate Court of Appeals for an order authorizing the District Court to consider the

successive motion. 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to submit any

documentation demonstrating that he has obtained the required authorization from the United

States Court of Appeals for the Fifth Circuit to proceed with his cause in this Court. Therefore,

this Court has determined that in the interest of justice, this cause should be transferred to the

United States Court of Appeals for the Fifth Circuit for a determination whether this successive

or second petition should be allowed. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997).

Accordingly,

**IT IS HEREBY, ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 1631, this

petition for habeas corpus relief is transferred to the United States Court of Appeals for the Fifth

Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of this Court is directed

to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED** this the 13th day of January, 2009.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE